# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LARRY WASHINGTON,                         Case No. 1:13-cv-765
     Petitioner,

                                Barrett, J.
     vs                                  Bowman, M.J.

WARDEN, LEBANON                           **REPORT AND**
CORRECTIONAL INSTITUTION,                 **RECOMMENDATION**
     Respondent.

     Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court on respondent's unopposed motion filed February 18, 2014 to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d).  (Doc. 13).[1]

## I.  PROCEDURAL HISTORY

### State Trial Proceedings

     On July 9, 2009, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) with firearm specification, as well as two counts of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A).  (Doc. 13, Ex. 1).

---

[1] Also pending before the Court are three non-dispositive motions that petitioner filed when he initiated the instant action in October 2013.  (*See* Docs. 2-4).  The undersigned has ruled on those motions in a separate Order issued this date.

The matter proceeded to trial before a jury.  At the close of the State's case, petitioner moved for a judgment of acquittal on the aggravated murder charge.  (*See id.*, Trial Tr. 878-89). The trial court granted the motion to the extent that the reduced charge of murder was submitted to the jury for consideration.  (*Id.*).  The jury returned verdicts of guilt for the murder offense and attached firearm specification, as well as the weapons offenses charged in the remaining two counts.  (*Id.*, Ex. 2).  On December 30, 2009, the trial court issued a final judgment entry sentencing petitioner to an aggregate prison term of twenty-three (23) years to life, which consisted of the following consecutive terms of imprisonment:  fifteen (15) years to life for the murder offense; three (3) years for the firearm specification attached to the murder charge; and five (5) years for the merged weapons offenses.  (*Id.*, Ex. 3).

## Direct Appeal:  Ohio Court of Appeals

With the assistance of new counsel for appeal purposes, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District.  (*See* Doc. 13, Ex. 4).  In his appellate brief, petitioner presented five assignments of error:

1.   The trial court erred by not permitting Appellant to review a witness'[s] grand jury testimony when the witness used that testimony to refresh his recollection at trial.

2.  The trial court erred as a matter of law by permitting the prosecutor to make improper remarks to the jury thus prejudicing Appellant's rights to a fair trial.

3.  The trial court erred by instructing the jury on flight when the evidence did not warrant it.

4.  The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's convictions for murder and having weapons under disability.

5.  The trial court erred as a matter of law by improperly sentencing Appellant to

2

consecutive sentences.

 (*Id.*, Ex. 5).

On November 5, 2010, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment.  (*Id.*, Ex. 7).

**Application For Reconsideration/Reopening Of Appeal:  Ohio Court of Appeals**

On January 28, 2011, petitioner next filed a *pro se* application for reconsideration with the Ohio Court of Appeals, First Appellate District.  (Doc. 13, Ex. 8).  In that pleading, petitioner essentially contended that his counsel on direct appeal was ineffective for not raising the following two claims as additional assignments of error: (1) the trial court erred when it failed to instruct the jury on the lesser offense of voluntary manslaughter; and (2) petitioner's trial counsel was ineffective for not lodging any objection at trial to the trial court's jury instruction error. (*Id.*).

On June 16, 2011, the Ohio Court of Appeals denied petitioner's application, which was construed as an application under Ohio R. App. P. 26(B) for reopening of the direct appeal.  (*Id.*, Ex. 10).  The court concluded that petitioner had "failed to sustain his burden of demonstrating a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel" because the instruction on voluntary manslaughter "was not warranted, when the evidence of provocation was insufficient to allow the jury to reasonably reject the murder charge and find Washington guilty of voluntary manslaughter."  (*Id.*, p. 2).

**Motion For Delayed Appeal:  Ohio Supreme Court**

Over fifteen months later, on September 24, 2012, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court from the Ohio Court of

3

Appeals' November 5, 2010 direct appeal decision.  (*See* Doc. 13, Exs. 11-12).[2]  In his motion, petitioner argued as "cause" for his delay in filing that "prison law library research, word processor errors and sloppiness by the prison law library supervisor led to [his] tardiness."  (*Id.*, Ex. 12).  Petitioner also suggested that his lack of legal knowledge and assistance by only a "non-law prison clerk" contributed to his delay in filing.  (*See id.*).

On November 7, 2012, the Ohio Supreme Court issued an entry denying petitioner's motion for a delayed appeal and dismissing the matter without opinion.  (*Id.*, Ex. 13).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced on October 23, 2013.  (*See* Doc. 1).  However, for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed on August 20, 2013, the date that petitioner claims he placed the pleading in the prison mailing system for submission to this Court.  (*See* Doc. 1, p. 19).[3]  In the petition, petitioner alleges as grounds for relief the same five claims that he asserted as assignments of error on direct appeal to the Ohio Court of Appeals.  (*Id.*, pp. 2, 7, 9, 11, 14; *see also* Doc. 13, Ex. 5).  It also appears that petitioner is raising as an additional ground for relief a claim that he should have been convicted of voluntary manslaughter because "the prosecution proved that the victim was

---

[2] It appears from the record that petitioner's notice of appeal and motion for delayed appeal were first received by the Clerk of the Ohio Supreme Court on May 16, 2012.  (*See* Doc. 13, Exs. 11-12).  However, the documents apparently were returned to petitioner based on some filing deficiency and were not actually docketed as "filed" until September 24, 2012.  (*See id.*).

[3] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).  The August 20, 2013 date that petitioner has provided for determining the filing date is suspect given that his petition was not actually received and filed by the Court until over two months later.  Nevertheless, the undersigned will assume in petitioner's favor that petitioner provided his papers to prison authorities for mailing as he has averred.

the initial aggressor." (Doc. 1, p. 15).

In the motion to dismiss filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (*See* Doc. 13). Petitioner has not responded to the motion to dismiss.

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 13) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The provision contained in 28 U.S.C. § 2244(d)(1)(A) applies to the six claims that are asserted as grounds for relief in the instant action. The alleged errors occurred during the trial

proceedings and were either known or discoverable through the exercise of due diligence before the conclusion of the direct review proceedings.  Indeed, five of the six grounds for relief were actually raised as assignments of error on direct appeal to the Ohio Court of Appeals before petitioner's conviction became final within the meaning of § 2244(d)(1)(A).  Therefore, as respondent has argued in the motion to dismiss (*see* Doc. 13, pp. 13-14), the limitations period began to run under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

Here, petitioner's conviction and sentence became final on December 20, 2010, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 5, 2010 decision affirming the trial court's final judgment entry of conviction and sentence.  *See* Ohio S.Ct.Prac.R. 6.01(A)(1).  Although petitioner later unsuccessfully sought leave to file a delayed appeal with the Ohio Supreme Court, it is well-settled that unsuccessful motions for delayed appeal do not restart the running of the statute under § 2244(d)(1)(A), but rather can only serve to toll an unexpired limitations period under § 2244(d)(2).  *See, e.g., Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.,* No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit

cases cited therein).  *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.).  *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

Furthermore, petitioner's timely application to reopen the direct appeal did not constitute a part of the direct review process for purposes of determining the finality date of petitioner's conviction and sentence.  As the Sixth Circuit has held, a "Rule 26(B) application is a collateral matter rather than part of direct review."  *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc).  Therefore, like petitioner's unsuccessful motion for delayed appeal to the Ohio Supreme Court, petitioner's unsuccessful reopening application could only serve to toll an unexpired limitations period under 28 U.S.C. § 2244(d)(2).  *See, e.g., Taher, supra,* 2013 WL 485789, at *6 n.4; *Freeman v. Warden, Hocking Corr. Facility*, No. 2:10cv35, 2010 WL 5631776, at *2 (S.D. Ohio Dec. 3, 2010) (Abel, J.) (Report & Recommendation), *adopted*, 2011 WL 219664 (S.D. Ohio Jan. 21, 2011) (Frost, J.); *see also Lopez,* 426 F.3d at 345-46 (pointing out the significance of the distinction between direct and collateral review for statute-of-limitations purposes because

"[d]irect review delays the start of the limitations period," whereas "[c]ollateral review merely tolls its running"). *Cf. Shinholster v. Morgan*, No. 5:12cv2495, 2013 WL 5234225, at *4, *10 (N.D. Ohio Sept. 13, 2013); *Humes v. Warden, Lebanon Corr. Inst.*, No. 1:12cv463, 2013 WL 4256310, at *4 (S.D. Ohio Aug. 14, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 4804897 (S.D. Ohio Sept. 9, 2013) (Beckwith, J.).

Accordingly, as respondent has argued in the motion to dismiss (Doc. 13, p. 13), the statute of limitations commenced running in this case on December 21, 2010, one day after petitioner's conviction became final within the meaning of § 2244(d)(1)(A), and expired one year later absent application of statutory or equitable tolling principles.

During the one-year limitations period that began on December 21, 2010, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, the statute of limitations ran for 38 days and then was tolled by the filing on January 28, 2011 of petitioner's application for reconsideration, which the Ohio Court of Appeals construed as a timely-filed application for reopening of the direct appeal. (*See* Doc. 13, Exs. 8, 10). The Ohio Court of Appeals denied the reopening application on June 16, 2011, and it

8

appears from the record that petitioner did not pursue an appeal from that ruling to the Ohio

Supreme Court.  (*Id.*, Ex. 10).  As respondent has pointed out (Doc. 13, p. 12), some circuit courts

have held that the tolling period includes the time in which the petitioner could have but did not

pursue an appeal in the state courts from a lower court's decision denying post-conviction relief.

*See, e.g., Ward v. Burt*, No. 2:12cv10009, 2013 WL 1565538, at *2 (E.D. Mich. Apr. 12, 2013)

(citing *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1381 (11th Cir. 2006) (per curiam);

*Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004); *Williams v. Cain*, 217 F.3d 303, 309-

10 (5th Cir. 2000)).  Therefore, the undersigned assumes in petitioner's favor that the reopening

application remained pending in the state courts from January 28, 2011 until August 1, 2011,

when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the

Ohio Court of Appeals' June 16, 2011 disposition of the matter.[4]  The statute commenced running

again on August 2, 2011 and expired 327 days later on or about June 25, 2012,[5] absent any further

tolling of the limitations period.

 Petitioner filed his motion for leave to file a delayed appeal with the Ohio Supreme Court

on September 24, 2012, three months after the statute of limitations had run its course.  (*See* Doc.

13, Exs. 11-12).  Although it appears from the record that petitioner attempted to pursue a delayed

appeal in the Ohio Supreme Court in May 2012 before the limitations period ended, *see supra* p. 4

n.2, no motion was actually filed and pending before the state court to toll the limitations period

---

 [4] It is noted that the 45-day period actually expired on July 31, 2011, which fell on a Sunday.  Under Ohio
S.Ct.Prac.R. 3.03(A)(1), "[i]f the last day of the period is a Saturday, Sunday, or legal holiday, the period runs until
the end of the next day that is not a Saturday, Sunday, or legal holiday."  Therefore, the 45-day appeal period
extended in this case through the next business day, which fell on Monday August 1, 2011.

 [5] The 327-day expiration date actually fell on June 24, 2012, which was a Sunday.  Therefore, the
undersigned assumes in petitioner's favor that he had until Monday, June 25, 2012 in which to file a timely habeas
petition.

under § 2244(d)(2) until petitioner finally succeeded in filing his motion for delayed appeal on September 24, 2012. Therefore, the motion for delayed appeal did not serve to further toll the limitations period that ended on or about June 25, 2012. *Cf. Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, petitioner has not shown that equitable tolling is warranted. First, it appears clear from the record that he has not been reasonably diligent in pursuing his rights. Although petitioner's grounds for relief were either raised as assignments of error on direct appeal or constituted the basis for the claims asserted in his application to reopen the appeal, petitioner

10

waited eleven months after the Ohio Court of Appeals issued its final ruling on June 16, 2011 denying his reopening application before even attempting to pursue relief in the form of a delayed appeal with the Ohio Supreme Court from the Ohio Court of Appeals' November 5, 2010 direct appeal decision.  (*See* Doc. 13, Exs. 10-12).  After his initial pleadings received by the Ohio Supreme Court on May 16, 2012 apparently were returned for correction of filing deficiencies, petitioner waited another four months before he filed a perfected motion for delayed appeal with the Ohio Supreme Court on September 24, 2012.  (*See id.*, Exs. 11-12).  Perhaps most damaging to petitioner's position is the fact that after the Ohio Supreme Court denied petitioner's delayed appeal motion on November 7, 2012, petitioner delayed again for over nine months before filing his federal habeas petition with this Court on August 20, 2013.  (*See* Doc. 1, p. 19; Doc. 13, Ex. 13).

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from filing his habeas petition in a timelier manner.  In his September 24, 2012 motion for leave to file a delayed appeal with the Ohio Supreme Court, petitioner contended that he was prevented from filing a timely appeal from the Ohio Court of Appeals' November 5, 2010 direct appeal decision by "prison law library research, word processor errors and sloppiness by the prison law library supervisor."  (Doc. 13, Ex. 12).  He also suggested that as a *pro se* litigant assisted only by a "non-law prison clerk," he lacked the legal knowledge to perfect a timely appeal to the Ohio Supreme Court.  (*See id.*).  It is well-settled that neither lack of knowledge of the law nor the inability to obtain legal assistance constitutes an extraordinary circumstance sufficient to excuse the statute-of-limitations bar to review.  *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his

11

delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated:  "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").  In addition, the undersigned is not persuaded that petitioner could have been prevented by the hurdles he allegedly encountered at the prison law library from filing a timelier appeal to the Ohio Supreme Court based on claims that had already been researched, briefed, presented to and decided by the Ohio Court of Appeals.  Petitioner's conclusory assertions made in September 2012, nearly two years after the Ohio Court of Appeals' direct appeal decision in November 2010 and over a year after the Ohio Court of Appeals denied the reopening application in June 2011, are simply insufficient to demonstrate that petitioner was prevented by an extraordinary circumstance beyond his control to file a federal habeas petition by the statute-of-limitations deadline date of June 25, 2012.

   Finally, petitioner has not shown that the procedural bar to review should be excused based on a colorable showing of actual innocence.  "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).  Petitioner has presented no new evidence to support an actual innocence claim.  Although he has challenged the sufficiency of evidence supporting his convictions, actual innocence means factual innocence, not mere legal insufficiency.  *House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 989 (S.D. Ohio 2009)

(Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

      Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on December 21, 2010, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 5, 2010 direct appeal decision. Assuming in petitioner's favor that the statute was tolled from January 28, 2011 through August 1, 2011 during the pendency of state-court proceedings on petitioner's application to reopen the direct appeal, the statute began to run again on August 2, 2011 and expired on or about June 25, 2012. Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 13) should be **GRANTED** on the ground that the instant habeas corpus petition, filed on August 20, 2013, over a year after the statute of limitations had run its course, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

      1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

      2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether the Court is correct in its procedural ruling.[6]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LARRY WASHINGTON,                                    Case No. 1:13-cv-765
      Petitioner,

                                    Barrett, J.

      vs                                              Bowman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
      Respondent.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc